UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:24-CV-00179-KKC-EBA

JONATHAN BERNARD STANLEY, JR.,                                          PLAINTIFF,

V.                            **REPORT AND RECOMMENDATION**


BOURBON COUNTY, KENTUCKY,                                               DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jonathan Bernard Stanley Jr. is an inmate currently incarcerated at Federal Correctional Institution (FCI) McDowell in West Virginia. At the time of the events in question, Stanley was incarcerated at the Bourbon County Detention Center (BCDC) in Paris, Kentucky. [*See* R. 1]. On July 2, 2024, Stanley, Jr. filed this *pro se* civil rights complaint.[1] [*Id*.]. Therein, Stanley alleges that there was a leak in the roof at the BCDC, which caused water to puddle on the floor every time it rained. [*Id*. at pg. 7]. Specifically, Stanley alleges that on October 27, 2023, he slipped on a puddle of water while exiting the shower. [*Id*. at pg. 9]. During the fall, Stanley sustained an injury to his shoulder and back, and he alleges that he was denied adequate healthcare for his injuries. [*Id*.].

In his complaint, Stanley named Jail Officer Palmer, Lt. Officer Toller, Jailer Shelia Gant, Jail Officer Woody Wells, Jail Doctor Chris Collett, and Jail Nurse Ms. Nicki as Defendants. [*See* R. 1]. Stanley sought injunctive relief to "have the roof fix[ed]," to be sent "an outside doctor," and monetary damages. [*Id*. at pgs. 2-5]. On August 15, 2024, Judge Karen K. Caldwell dismissed Stanley's claims for injunctive relief and terminated all the named defendants from the action. [R.

---

[1] The Court recognizes that Stanley is proceeding *pro se* in this matter and construes his pleadings more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381–83 (2003).

Page **1** of **11**

8]. Further, Judge Caldwell substituted Bourbon County, Kentucky (Bourbon County) as the sole remaining Defendant, and allowed Stanley's claims for monetary damages to proceed. [*Id*.]. On August 29, 2025, Bourbon County filed a motion for summary judgment. [R. 27]. The Court directed Stanley to file a response by no later than October 2, 2025. [*See* R. 28]. While Stanley did not respond to the motion,[2] on December 9, 2025, he filed a notice of address change, informing the Court that he was now incarcerated in McDowell FCI in Welch, West Virginia. [*See* R. 29].

## SUMMARY JUDGMENT STANDARD

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Such a motion then "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id*. at 324 (internal quotation marks omitted). This is so because '[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id*. at 323-24. To avoid summary judgment, the non-movant *must* come forward with evidence on which a jury could reasonably find in its favor, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986), as courts are not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989).

A Court should grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact that the movant is entitled to judgment as a matter of

---

[2] According to Local Rule 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." L.R. 7.1(c).

law." FED. R. CIV. P. 56(a); *see also Cleotext*, 477 U.S. at 324. Courts reviewing motions for summary judgment "must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). "[T]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003) (citing *Anderson*, 477 U.S. at 251). At this stage, the Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). In such a case, summary judgment is warranted. *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010); *Celotex,* 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

**ANALYSIS**

### I.    Failure to Exhaust

Bourbon County makes several arguments for why it is entitled to summary judgment. [*See* R. 27]. First, the Court will address Bourbon County's allegation that Stanley failed to exhaust his administrative remedies, which as it argues, bars his claims. [R. 27-1 at pg. 5]. Bourbon County argues that Stanley failed to exhaust his administrative remedies by not following the BCDC's grievance policy prior to filing his complaint. [*Id.*]. A prisoner's failure to exhaust administrative

Page **3** of **11**

remedies is an affirmative defense which a defendant has the burden of pleading and proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Under the Prison Litigation Reform Act (PLRA), prisoners may not bring a lawsuit regarding prison conditions until they have "proper[ly] exhaust[ed]" all administrative remedies. 42 U.S.C. § 1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The proper exhaustion of administrative remedies "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218. "A prisoner's lack of compliance may be excused if the administrative remedies are not available, but this court has required a prisoner to make 'affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *Lee v. Willey*, 789 U.S. F.3d 673, 677 (6th Cir. 2015) (quoting *Napier v. Laurel Cnty.,* 636 F.3d 218, 223 (6th Cir. 2011) (citation omitted) (citing cases)). When a prisoner tries to comply but falls short the Court analyzes "whether those 'efforts to exhaust were sufficient under the circumstances.'" *Id*. (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier*, 636 F.3d at 224)).

The BCDC's grievance policy can be summarized as follows: (1) within 15 days of an incident, the inmate must orally submit a grievance to the Deputy; (2) if not satisfied with the oral decision, the inmate can then write their grievance on the KIOSK or ask for a grievance form; (3) if unsatisfied with the response, the inmate can appeal to the Chief Deputy; (4) if still unsatisfied, the inmate may appeal to the Jail Administrator within 24 hours; and (5) if the inmate is still unsatisfied, they may submit to the court of jurisdiction. [R. 27-6 at pg. 3]. After a grievance is

submitted, the BCDC staff must respond within 10 days. [*Id*.].  Bourbon County also provided all the relevant grievances that Stanley has filed as an exhibit to their motion. [R. 27-5].

Here, Bourbon County does not dispute that Stanley complied with the first two steps of the BCDC's grievance policy. Instead, Bourbon County argues that Stanely failed to follow any of the steps for the appeal process. [R. 27-1 at pg. 6]. For Stanley's claim regarding his injury after he slipped getting out of the shower, he submitted a grievance on the KIOSK on October 29, 2023 that stated: "[there is] a bad leak in the roof and every [] time it rains i[t] cause[s] [a] puddle of water in the floor that [I] slipped on yesterday morning and hurt my back and shoulder." [R. 27-5 at pg. 9]. The next day staff at the BCDC responded accepting the grievance and asking Stanley to clarify what he was grieving. [*Id*.]. However, Stanley never responded to the staff's request to explain his grievance. Moreover, Stanley never filed an appeal about the issue. [*See id*.]. Because Stanley failed to follow the BCDC's grievance policy regarding his allegations that there was a hole in the roof, he failed to fully exhaust his administrative remedies prior to initiating the underlying litigation.

Additionally, the only grievance Stanley submitted regarding his claims of inadequate medical treatment was filed on February 23, 2024. [R. 27-5 at pg. 1]. Therein, he stated that his back and shoulder were still injured due to his fall in the shower, but the doctor told him there was nothing more they could do. [*Id*.]. Stanley also claimed that during "med past" if he is moving too slow at getting his water or getting dressed, they leave. [*Id*.]. The BCDC staff responded, accepting the grievance and stating that they spoke with the medical team and that Stanley's back has been treated multiple times, and during the last episode he refused most doses. [*Id*.]. Additionally, the response stated that if Stanley wants "med pass" he needs to ensure he is up and dressed every day. [*Id*.]. First, this grievance was filed four months after Stanley's fall, well past the 15-day

requirement for bringing a grievance. [*See* R. 27-6 at pg. 3]. Moreover, Stanley filed no appeal regarding the response. [*See id.*]. Therefore, Stanley also failed to exhaust his administrative remedies for his allegation that he received inadequate medical care prior to filing his complaint.

Furthermore, Stanley failed to respond to the present motion and therefore has failed to refute Bourbon County's argument or evidence. Likewise, Stanley has failed to present any evidence that he has properly exhausted his administrative remedies or that he made efforts to exhaust that were sufficient under the circumstances. Accordingly, the undersigned recommends that Bourbon County's motion for summary judgment, [R. 27], be granted. *See McDowell v. Mattingly*, No. 3:20-cv-383-CHB, 2021 WL 2211686, at *4 (E.D. Ky. June 1, 2021) (holding Plaintiff's failure to exhaust administrative remedies "alone is a sufficient basis for granting summary judgment in Defendants' favor.") (citing *Arflack v. County of Henderson*, 412 F.App'x 829, 831-32 (6th Cir. 2011) (affirming district court's granting of summary judgment when an inmate failed to exhaust his administrative remedies before commencing the litigation)).

II.     *Monell* **Claim**

However, even assuming, *arguendo*, that Stanley did exhaust his administrative remedies, his claims would still fail. Bourbon County argues that there is no evidence to support a *Monell* claim for deliberate indifference against it. [R. 27-1 at pg. 4]. For Stanley to succeed in a § 1983 claim against Bourbon County and the other named defendants in their official capacity, he must show that the alleged constitutional violation occurred because of Bourbon County's policy or custom. *Monell v. Dept. of Social Services*, 436 U.S. at 694. "A municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell*, 436 U.S. at 694).

There are four options for a plaintiff to prove a municipality's illegal policy or custom. *Thomas*, 398 F.3d at 429. "The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Id*.; *Monell*, 436 U.S. at 694; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). Moreover, a Plaintiff must show a "direct causal link between the custom and the constitutional deprivation; that is, []he must show that the particular injury was incurred because of the execution of that policy." *Doe v. Claiborne Cnty., Tenn. By. & Through Claiborne Cnty. Bd. Of Educ.,* 103 F.3d 495, 508 (6th Cir. 1996) (internal quotation marks omitted). Therefore, to prevail, Stanley would have to show that the leaking roof and cumulation of rainwater was a result of a policy or custom of Bourbon County. Similarly, to prevail on his claim that he received inadequate medical care, he must show that it was the result of a policy of custom of Bourbon County.

Here, Stanley has failed to present any evidence that Bourbon County maintains illegal policies or customs. As Bourbon County points out, Stanley did not actively participate in discovery, which could have allowed him to clarify his claims. [R. 27-1 at pg. 5]. Moreover, Stanley has failed to file a response to the present motion. Therefore, the undersigned must look at his complaint to see if he has adequately shown Bourbon County's illegal policy or custom. In his complaint, Stanley states that when it rains, staff at the BCDC would usually provide blankets for the water on the floor, but on the night that he slipped and fell, there were no blankets. [R. 1 at pg. 7]. Further, Stanley explained that after his fall, the nurse failed to call a doctor, which, as he argues, resulted in his continuous pain. [*Id*.]. Nowhere in his complaint does Stanley allege that

Bourbon County maintains illegal policies or customs that contributed to his injury, that any County official contributed to his injury, that the employees were inadequately trained, or that there is a custom of tolerance or acquiescence of federal rights violations. Therefore, the undersigned will recommend granting the Defendant's motion for summary judgment. [R. 27].

### III.    Deliberate Indifference Claims

Stanley's claims also fail on the merits. Bourbon County argues that it is entitled to summary judgment because the leaking roof and perceived flaws in medical care were not extreme deprivations. [R. 27-1 at pg. 7]. Further, Bourbon County argues that the County was not indifferent to the leak or to Stanley's medical conditions. [*Id*.]. A convicted inmate bringing a claim for deliberate indifference is evaluated under the Eight Amendment. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). Courts have analyzed deliberate indifference claims brought under the Eight amendment using a two-part test which contains an objective and subjective component. *Griffith v. Franklin County, Kentucky*, 975 F.3d 554, 567 (2020) (internal citations omitted).

For Stanley to prevail on his first claim regarding the leaking roof, he must show that (1) the leaking roof caused a sufficiently serious risk to his health and safety and (2) Bourbon County was deliberately indifferent to Stanley's health and safety. *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2013) (citing *Framer v. Brennan*, 511 U.S. 25, 35 (1994)).  First, Stanley's claim about the leaking roof does not rise to the level required to satisfy the objective prong. Instead, Stanley's claim regarding the leaky roof that caused water to puddle is more akin to inconveniences that Courts have held do not rise to the level of an Eighth Amendment violation. *See e.g. Taylor v. Lutrell*, No. 06-2522-An/V, 2008 WL 4065927, at *9 (W.D.  Tenn. Aug. 27, 2008) ("With respect to Plaintiff's claims about the inadequate ventilation in his cell, dust, occasional insects, and various plumbing malfunctions, there is no allegation that Plaintiff suffered more than ordinary

discomfort, which does not rise to the level of an Eight Amendment violation."); *see also Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation.").

Further, even *if* Stanley's claim rose to a constitutional violation, he would still fail under the subjective component. Stanley complaint clearly explains that when it rains, the staff normally provides the unit with blankets for the water. [*See* R. 1 at pg. 7]. He also recalled a specific officer mopping up the water after it rained. [*Id*.]. These actions were not deliberately indifferent to the leak. Instead, the BCDC's staff took action to resolve the issue, which does not constitute deliberate indifference.

Stanley's second claim is that he received inadequate medical treatment. [*See* R. 1]. The objective component requires Stanley "to prove that the alleged deprivation of medical care was serious enough to violate the [Constitution]." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). A sufficiently serious medical need "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore*, 390 F.3d at 897). However, if the Plaintiff argues the medical treatment received was inadequate, "[t]here must be 'medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain.'" *Rhinehart*, 894 F.3d at 737 (second alteration in original) (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013)).

Here, Stanley's prison medical records show that after the fall he was seen by medical staff, who observed that he had a "slightly tender on palpitation" but that he "was able to get up and move to his mat." [R. 27-7 at pg. 6]. The staff provided ibuprofen, and after Stanley's continued

complaints of pain, he was prescribed Mobic, a prescription NSAID. [R. 27-5 at pg. 1]. Stanley argues that this treatment was inadequate. He also states in his complaint that the nurse failed to call a doctor after he fell. [*See* R. 1]. However, Stanley has failed to provide any proof that the medical treatment he received at Bourbon County was inadequate, which is required to succeed under the objective component. *See Rhinehart*, 894 F.3d at 737. Moreover, Bourbon County explains that it requested Stanley's medical records during discovery, but he failed to respond. Therefore, because Stanley has failed to prove the objective component, his claims regarding inadequate medical treatment fail.

CONCLUSION

Having considered the matter and being sufficiently advised,

**IT IS RECOMMENDED** that the Defendants' motion for summary judgment, [R. 27], be **GRANTED**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2).

Signed February 23, 2026.



Signed By:

_Edward B. Atkins_   ΣΒΑ

United States Magistrate Judge