UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JONATHAN BERNARD STANLEY, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>BOURBON COUNTY, KENTUCKY,<br><br>    Defendant. | CASE NO. 5:24-CV-179-KKC<br><br><br><br>**OPINION and ORDER** |

*** *** ***

This matter is before the Court on Defendant Bourbon County, Kentucky's Motion for Summary Judgment (R. 25). In accordance with 28 U.S.C. 636(b), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation. (R. 15.) Upon review, Judge Atkins recommended that the Court grant Bourbon County's Motion. (R. 30.) Pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(2), Stanley objected to the Magistrate Judge's Report and Recommendation. (R. 31.) For the following reasons, the Court will overrule Stanley's objections and adopt the Magistrate Judge's Report and Recommendation in full.

## I.  BACKGROUND

The facts of this case are summarized at length in Magistrate Judge Atkin's recommendation. (R. 30.) The Court will briefly review the relevant events.

Stanley is an inmate at Federal Correctional Institute (FCI) McDowell in West Virginia. (R. 30 at 1.) On July 2, 2024, Stanley filed a *pro se* civil rights complaint relating to his medical care and the conditions of the Bourbon County Detention Center ("BCDC"), where he was previously incarcerated. (*Id.*) Stanley alleges that there was a leak in the roof at the BCDC which caused water to puddle on the floor when it rained. (R. 1 at 7.) Stanley alleges

that he hurt his shoulder and back after he slipped on a puddle of water while exiting the shower. (*Id.* at 9.) Stanley sought injunctive relief to have the roof repaired, to be treated by an outside doctor, and to recover monetary damages. (*Id.* at 2–5.) On August 15, 2024, this Court dismissed Stanley's injunctive relief claims and substituted Bourbon County, Kentucky as the sole remaining defendant. (R. 8.)

After Bourbon County filed its answer, this Court referred the case to a Magistrate Judge for all pretrial proceedings. (R. 15.) On February 2, 2025, Magistrate Judge Atkins ordered the parties to file separate reports to indicate the amount of time they will need to conduct discovery. (R 20.) Stanley did not timely respond to this order. Subsequently, Magistrate Judge Atkins issued a scheduling order requiring the parties to complete discovery by July 31, 2025. (*See* R. 24.)

The record reflects that, on February 25, 2025, Bourbon County served Stanley with interrogatories, requests for production, and requests for admission. (R. 26.) Stanley did not respond to any of these requests. (R. 27-1 at 5.) There is no evidence in the record that he otherwise attempted to participate in discovery. Indeed, Bourbon County's February 25, 2025, discovery requests are the only filings appearing in the record between that date and its motion for summary judgment, filed more than six months later on August 29, 2025. On this record, it appears that Stanley did not engage in discovery. After discovery closed, Bourbon County timely moved for summary judgment. (R. 27.)

On February 23, 2026, Magistrate Judge Atkins issued a Report and Recommendation, addressing Stanley's claims about BCDC's leaky roof and its alleged failure to provide him with adequate medical treatment. (R. 30 at 3–11.) As an initial matter, Magistrate Judge Atkins found that Stanley's claims were barred because he failed to exhaust BCDC's grievance policy. (*Id.* at 3.) Magistrate Judge Atkins also found that even if Stanley had exhausted his remedies, he could not prevail on the merits. (*Id.* at 6–11.)

2

Specifically, Magistrate Judge Atkins found that (1) Stanley could not show that the leaky roof was the result of Bourbon County's policy or custom and that (2) he could not meet the objective component of a deliberate indifference claim for inadequate healthcare. (*Id.*) Accordingly, Magistrate Judge Atkins recommends that Bourbon County's Motion (R. 25) be granted.

## II. STANDARD OF REVIEW

A report and recommendation on a pretrial dispositive motion referred to a magistrate judge is reviewed by a district court *de novo*. *Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003) (citation omitted). Likewise, timely objections to a magistrate's report and recommendation are reviewed *de novo*. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Such objections must be "specific" as "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380).

## III. ANALYSIS

Stanley timely filed an "objection" to the Magistrate Judge's Report and Recommendation. (R. 31.) Although Stanley's motion is labeled as an objection, the subject of his filing does not specifically address the content of the Report and Recommendation. (*See id.*) Instead, Stanley makes numerous requests relating to discovery. (*Id.*) He states that he is, "now asking the Courts for time to receive the following, along with it being court ordered":

- "A list of the names of jail officers and duties." *Id.*
- "My medical records from Bourbon County Jail." *Id.*
- "All or copy's of all administrative reports filed by me Jonathan Stanley Jr." *Id.*
- "Both response by Jail Staff." *Id.*
- "A court order report of the link in the unit I was housed in." *Id.*
- "A court order maintenance report of them ever working on the roof where/the unit I was housed in." *Id.*
- "A court ordered video footage of the slip and fall." *Id.*
- "Court ordered dates and times I was moved from Bourbon County Jail." *Id.* at 2
- "Court order Jail reports of when I refused pain meds for my back and shoulder." *Id.*

3

- A court order "that I be sent to an outside doctor before Trial for exray's." *Id.*

Notwithstanding the fact that a Court should construe a *pro se* plaintiff's filings more leniently, Stanley's "objection" is "vague, general or conclusory" in nature rather than "specific." *Cole*, 7 Fed. App'x at 356. This rule applies even to *pro se* litigants. *See, e.g., McCready v. Kamminga*, 113 Fed. App'x 47, 49 (6th Cir. 2004).

Here, Stanley fails to make any objection to the content of the Report and Recommendation. Magistrate Judge Atkins found that: (1) "[Stanley] failed to fully exhaust his administrative remedies"; (2) "Stanley has failed to present any evidence that Bourbon County maintains illegal policies or customs"; and (3) "Stanley has failed to provide any proof that the medical treatment he received at Bourbon County was inadequate, which is required to succeed under [a deliberate indifference claim]." (R. 30 at 5, 6, 7, 10.)

Stanley provides no legal or factual dispute regarding any of the above findings. Rather, he requests documents that could have been obtained during discovery. These requests have nothing to do with the Report and Recommendation. Because Stanley's motion does not meet the legal requirements for an objection, it is overruled.

Stanley appears to request that discovery be re-opened. Even if the Court were to liberally construe his objection as a motion to reopen discovery, that request fails. The Sixth Circuit has identified five factors to be considered in evaluating the propriety of extending discovery:

> (1) when the [movant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the [movant] was dilatory in its discovery efforts; and (5) whether the [movant] was responsive to discovery requests.

*CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)). Additionally, "Issues of docket control are within the

sound discretion of the trial court. *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed. Appx. 597, 2003 WL 23140062, at *2 (6th Cir. 2003).

These factors weigh strongly against Stanley. As to the first and third factors, there is no issue that Stanley requests information that should and could have been determined within the discovery period. Stanley had nearly five months, from February 20, 2025, through July 31, 2025, to obtain the requested information. (R. 20.) Stanley provides no explanation for his failure to comply with the Court's discovery Order. Furthermore, there has been no demonstration that his incarceration or his move to a different facility prevented his ability to make timely filings. The record demonstrates that he made filings in the record on February 19, 2025, December 9, 2025, and March 9, 2026. The discovery window was five months long and during that time Stanley did not even check the status of his case.

The Fourth and fifth factors also weigh heavily against Stanley. Stanley failed to comply with the most basic rules ordered by Magistrate Judge Atkins. He had nearly sixth months to discover the information he now seeks. (R. 20.) Instead of obtaining the information, the record reflects that (1) he did not respond to Bourbon County's discovery requests, and (2) did not make any attempts to obtain information from the defendant. (R. 26; R. 27-1 at 5.) It is not until his March 6, 2026 "objection" that he attempted to discover relevant information regarding his case. Stanley's *pro se* status does not excuse him from timely engaging in discovery. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer")); *Fields v. County of Lapeer*, No. 99-2191, 2000 U.S. App. LEXIS 29182, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000) ("it is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure").

Lastly, the second factor is fatal to any argument that discovery should be re-opened. Even if Stanley obtained all requested information, it would not change the disposition of the case. The Magistrate Judge found procedural and substantive issues with Stanley's claims that could not be refuted by any evidence that Stanley seeks to compel. Even if the Court finds merit in Stanley's argument as to why he did not exhaust the BCDC remedies, there are glaring deficiencies in his deliberate indifferent claims that he cannot overcome even if he were to obtain the requested discovery. Because the additional discovery would not alter the Report and Recommendation, reopening discovery is not warranted.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) Stanley's objection to the Magistrate Judge's Report and Recommendation (R. 31) is OVERRULED;

2) The Court ADOPTS the Magistrate Judge's Report and Recommendation (R. 30);

3) Defendant's motion for summary judgment (R. 27) is GRANTED; and

4) A judgment consistent with this Order and the Report and Recommendation will be entered.

This 11th day of March, 2026.

Signed By:

*Karen K. Caldwell* 

United States District Judge